**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Jarrell Wilson

    v.                                       Civil No. 18-cv-127-LM

Warden, Northern New Hampshire
Correctional Facility

**REPORT AND RECOMMENDATION**

Jarrell Wilson, an inmate at the Northern New Hampshire Correctional Facility, has filed a petition for a writ of habeas corpus, under 28 U.S.C. § 2254, challenging the validity of his current incarceration pursuant to an April 2014 state court criminal conviction.  After conducting an initial review of Wilson's § 2254 petition, this court issued an Order (Doc. No. 9) concluding that Wilson's petition appeared to have been filed more than two years too late.  That Order provided Wilson with an opportunity to show cause why the petition should not be dismissed as untimely.  In particular, the court invited Wilson to provide a timeline of all of his post-conviction proceedings in state court, and to explain whether there were any extraordinary circumstances that had interfered with his ability to file a § 2254 petition in this court prior to May 21, 2015, when the applicable statute of limitations expired.  Wilson's response (Doc. No. 11) to that Order is presently before this court.

## Background

On April 21, 2014, upon the advice of counsel, Wilson pleaded guilty to multiple charges of armed robbery and was sentenced to serve a sentence of 10 to 27 years in prison and to a consecutive 7½ to 15-year sentence which was suspended for 10 years.  Wilson did not file a direct appeal of his conviction and sentence.

In 2016, counsel appearing on Wilson's behalf filed a state habeas petition asserting that his guilty plea was involuntary, as it resulted from the ineffective assistance of trial counsel. See Wilson v. Zenk, No. 217-2016-cv-00428 (N.H. Super., Strafford Cty.).  The state court denied that petition on February 9, 2017.  See id. (N.H. Super., Strafford Cty. Feb. 9, 2017) (Doc. No. 8-4).  The New Hampshire Supreme Court ("NHSC") declined to accept Wilson's appeal of that order.  See Wilson v. Warden, No. 2017-0208 (N.H. May 26, 2017) (Doc. No. 8-2). Wilson's section 2254 petition asserts the same claims he litigated unsuccessfully in the state habeas proceedings, alleging violations of his Sixth and Fourteenth Amendment rights.

Wilson's initial filings in this case included a motion for appointment of counsel (Doc. No. 3), in which Wilson asserted a need for counsel based on his having been diagnosed with a traumatic brain injury, ADHD, "low intellectual functioning,"

and an impulse control disorder.  Doc. No. 3, at 2, 3; see also

Doc. No. 1-1; Doc. No. 2.  Wilson also asserted that he was

unable "to do legal filings" and make arguments without a lawyer

to assist him.  Doc. No. 3, at 2, 3.  Wilson has filed, as an

exhibit to his petition in this case, the Superior Court order

denying his state habeas petition, which described the contents

of Wilson's medical records dating from 1998 to 2003.  See

Wilson v. Zenk, No. 217-2016-cv-428 (N.H. Super. Ct., Strafford

Cty. Feb. 9, 2017) (Doc. No. 8-4).  According to Wilson's

medical records, Wilson suffered a severe brain injury in a car

accident in 1998.  Id.  Shortly after that accident, Wilson was

diagnosed as having an adjustment disorder with disturbance of

conduct related to his brain injury; personality disturbance

secondary to head injury, aggressive type; Attention Deficit

Hyperactive Disorder ("ADHD"), combined type; and borderline

intellectual functioning.  Id.  Wilson's medical records from

2003 described him as impulsive, oppositional, distractible,

unable to focus, and, at times, having problems with verbal and

physical aggression.  Id.

    In the May 7, 2018 Order (Doc. No. 10) denying Wilson's

initial motion for appointment of counsel in this case, this

court noted Wilson's demonstrated ability to file cogently

written documents.  The court found nothing to indicate that any

fundamental unfairness impinging upon Wilson's due process

rights would result if counsel were not appointed at that stage
of the case.  See id.

## Discussion

I.   Statute of Limitations

For reasons stated in this court's May 7, 2018 Order
relating to the statute of limitations (Doc. No. 9), the one-
year limitations period for the timely filing of this petition
expired on May 21, 2015, approximately two years and eight
months before Wilson filed this action.  See May 7, 2018 Order
(Doc. No. 9) (citing 28 U.S.C. § 2244(d)(1)).  Wilson's state
habeas petition, filed in 2016, did not restart that limitations
clock.  See May 7, 2018 Order (Doc. No. 9).  Wilson did not file
any other state post-conviction proceedings prior to May 21,
2015 that could have tolled the statute of limitations.  See
Response to May 7 Order (Doc. No. 11).

II.  Equitable Tolling

A.   Standard

This court may allow an otherwise untimely § 2254 petition
to proceed if the petitioner shows that he was "pursuing his
rights diligently," and that "some extraordinary circumstance
stood in his way and prevented timely filing" of the petition.
Drew v. MacEachern, 620 F.3d 16, 23 (1st Cir. 2010) (internal

4

quotation marks and citations omitted).  "[I]t is not enough for a party to show that he experienced extraordinary circumstances"; the petition "must further demonstrate that those circumstances caused him to miss the original filing deadline."  Harper v. Ercole, 648 F.3d 132, 137 (2d Cir. 2011). A "habeas petitioner bears the burden of establishing the basis for equitable tolling."  Riva v. Ficco, 615 F.3d 35, 39 (1st Cir. 2010).  Wilson cites his lack of funds to hire counsel prior to 2016 and his history of mental health issues, cognitive deficits, and educational "special needs," as circumstances that prevented him from filing this petition sooner.

B.    Lack of Counsel/Lack of Funds to Hire Counsel

Wilson's lack of access to post-conviction counsel is not an extraordinary circumstance that warrants equitable tolling. See Holmes v. Spencer, 685 F.3d 51, 62-63 (1st Cir. 2012) (inmate's lack of legal training and limited legal resources are among the "usual problems inherent in being incarcerated" that did not justify equitable tolling (internal quotation marks and citations omitted)).

C.    Cognitive and Mental Health Issues

A petitioner's mental health issues and cognitive deficits can provide grounds for equitable tolling, if the petitioner

"can show that, during the relevant time frame, he suffered from a mental illness or impairment that so severely impaired his ability either effectively to pursue legal relief . . . [on his own] or, if represented, effectively to assist and communicate with counsel." Riva v. Ficco, 615 F.3d 35, 40 (1st Cir. 2010). "[D]yslexia, learning disabilities, and illiteracy, standing alone, would not justify equitable tolling of the § 2244(d)(1) statute of limitations." Clay v. Smith, 365 F. App'x 98, 103 (10th Cir. 2010). See also Heath v. Ault, 334 F. App'x 34, 34 (8th Cir. 2009) (per curiam) (learning disability in reading is not an extraordinary circumstance warranting equitable tolling of habeas petition). Wilson's cogent, written response (Doc. No. 11) to this court's May 7, 2018 Order to show cause (Doc. No. 10), coupled with his pro se filing of an amended habeas petition in April 2018 (Doc. No. 8), demonstrate that he can prepare clear and understandable legal filings without counsel.

Further, parts of the state court record filed here indicate that Wilson between December 2013 and April 2014 had mailed letters to the Conflict Case Administrator and to his court-appointed counsel raising questions about counsel's performance, which led his court-appointed trial counsel to file two motions seeking a hearing on the status of counsel. See Doc. No. 8-3, at 1, 3, 4; Doc. No. 8-4, at 3, 4; Doc. No. 11, at 2. Although the state court judge ultimately denied Wilson's

requests for appointment of new counsel, Wilson's demonstrated

ability in 2014 to state some of the reasons why he was

dissatisfied with his trial counsel indicates that he had the

capacity at that time to file claims asserting ineffective

assistance of counsel.  Wilson does not point to any evidence

showing that his mental health issues and cognitive deficits in

the year following his conviction prevented him from filing a

petition here before the statute of limitations expired.  Cf.

Mayberry v. Dittmann, 904 F.3d 525, 531 (7th Cir. 2018)

(petitioner with low IQ had not demonstrated that he qualified

for equitable tolling, in light of his failure to point to

anything specific transpiring after 2012, when he filed an

unexhausted habeas petition that was dismissed, and prior to

2016, when he filed an untimely petition).  Accordingly,

Wilson's traumatic brain injury, learning disability, "low

intellectual functioning," ADHD, and impulse control disorder

are not extraordinary circumstances that qualify his case for

equitable tolling.


III. Actual Innocence

     A credible claim of actual innocence may allow an otherwise

time-barred § 2254 petition to be reviewed.  See McQuiggin v.

Perkins, 569 U.S. 383, 395 (2013) (miscarriage of justice

exception applies to cases in which "new evidence shows 'it is

more likely than not that no reasonable juror would have

convicted [the petitioner]'" (citation omitted)).  Wilson has

failed to allege facts here suggesting that he has a credible

claim of actual innocence.  Accordingly, and in light of the

inculpatory evidence proffered by the state and detailed in the

Superior Court's order, see Doc. No. 8-4, Wilson does not have a

credible claim of actual innocence at this time, which would

enable him to avoid the statute of limitations.


IV.   Certificate of Appealability

     The Rules Governing Section 2254 Proceedings ("§ 2254

Rules") require the court to "issue or deny a certificate of

appealability ["COA"] when it enters a final order adverse to

the party."  § 2254 Rule 11(a).  Here, the grounds for dismissal

are procedural and not substantive.

> When the district court denies a habeas petition on
> procedural grounds without reaching the prisoner's
> underlying constitutional claim, a COA should issue when
> the prisoner shows, at least, that jurists of reason would
> find it debatable whether the petition states a valid claim
> of the denial of a constitutional right and that jurists of
> reason would find it debatable whether the district court
> was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Reasonable jurists

would not find it debatable that the instant petition is time-

barred.  Accordingly, the district judge should decline to issue

a certificate of appealability here.

8

## Conclusion

For the foregoing reasons, the district judge should dismiss Wilson's § 2254 petition as barred by the statute of limitations and decline to issue a certificate of appealability. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

December 4, 2018

cc:  Jarrell Wilson, pro se